UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00090-BJB-HBB

WADE JENKINS                                                                                         PLAINTIFF

VS.

DOUBLEDOWN INTERACTIVE LLC                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion by Plaintiff Wade Jenkins for jurisdictional discovery (DN 26). Defendant DoubleDown Interactive, LLC, filed a response at DN 27 and Plaintiff has replied at DN 29.

### Nature of the Case

DoubleDown "provides games for individuals to play on various platforms" including "social casino games" (DN 24-1, p. 3). Plaintiff filed the complaint against DoubleDown in federal court concerning a Kentucky gambling statute related to the social casino-themed games (DN 1). Plaintiff is a resident of Kentucky (*Id.* at p. 5). DoubleDown is a limited liability company at home in the state of Washington and whose sole member is also a resident of Washington (*Id.* at pp. 5-6; DN 24-1, p. 2).

Doubledown filed its motion to dismiss for lack of personal jurisdiction on January 31, 2025 (DN 24) to which Plaintiff now moves for additional discovery concerning DoubleDown's contacts with Kentucky (DN 26). Plaintiff seeks discovery of direct communications between

DoubleDown and individual customers in Kentucky via telephone, email, text message, and direct messaging through targeted ads inside their apps (*Id.* at p. 1).

## Applicable Law

As the Supreme Court explained, "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). "District courts have the power to order the discovery of facts necessary to determine their jurisdiction over the merits." *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 878 (11th Cir. 2018) (citation omitted). "Where there is no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction it is not an abuse of discretion to deny discovery." *Booth v. Verity, Inc.*, 124 F. Supp. 2d 452, 457 (W.D. Ky. 2000).

Jurisdictional discovery is not unlimited. "While courts should grant discovery when necessary for a plaintiff to establish his claim, a plaintiff may not engage in a fishing expedition untethered from the legal claims at issue." *Integrity Express Logistics, LLC v. Borstelmann*, No. 1:23-CV-166, 2023 U.S. Dist. LEXIS 188094, at *6 (S.D. Ohio Oct. 19, 2023) (citation omitted). Thus, discovery must relate to the jurisdictional inquiry and be proportional to the needs of the case. *Id.;* FED. R. CIV. P. 26.

## Discussion

DoubleDown contends that Plaintiff's request for jurisdictional discovery is a fishing expedition based on "unmoored speculation" (DN 27, p. 1). DoubleDown believes that Plaintiff must offer a factual basis that the Court would reasonably believe lead to the discovery of relevant evidence to support jurisdiction (*Id.*). Plaintiff need not show that discovery would likely lead to evidence that DoubleDown would be subject to personal jurisdiction, only that the discovery

2

requested would lead to "facts necessary to determine [the Court's] jurisdiction." *Integrity Express Logistics, LLC*, 2023 U.S. Dist. LEXIS 188094, at *9 (quoting *Aviation One of Fla., Inc.*, 722 F. App'x at 878). DoubleDown cites several cases to support this contention, but all those cases either were outside of this Circuit or turned on subject matter jurisdiction, not personal jurisdiction (*Id.* at pp. 1-2).

DoubleDown avers that Plaintiff seeks "vague and sweeping discovery" (*Id.* at p. 2). Plaintiff alleges that DoubleDown "has significant additional contacts with Kentucky that are currently unknown but easily discoverable" direct communications to Kentucky customers (DN 26, p. 1). "[C]ourts are to provide assistance by allowing jurisdictional discovery unless their claims are 'clearly frivolous.'" *Mayfield Consumer Prods., LLC v. Int'l Grp.*, No. 5:23-CV-00101-BJB-LLK, 2025 U.S. Dist. LEXIS 38890, at *6 (W.D. Ky. Mar. 4, 2025) (citation omitted). DoubleDown admits that Kentucky residents play and spend money on its social casino games (DN 24-1, p. 3). Plaintiff's claims are not clearly frivolous, as DoubleDown's contacts (or lack thereof) with Kentucky customers is relevant to determine personal jurisdiction. *See Hume v. Universal Music Grp., Inc.*, No. 3:24-CV-00746, 2024 U.S. Dist. LEXIS 220346 (M.D. Tenn. Dec. 5, 2024) (court granted discovery to determine which subsidiary had distributed the copyrighted material even though plaintiff could only identify that the named defendant was not the infringer); *but cf. Integrity Express Logistics, LLC*, 2023 U.S. Dist. LEXIS 188094, at *8-9 (court limited discovery to factual allegations rather than industry custom to avoid a fishing expedition).

DoubleDown also contends that the requested discovery would be "burdensome discovery into the minutiae of DoubleDown's day-to-day communications" without any limits (DN 27, p. 3). "[T]he scope of discovery is a matter committed to the district court's sound discretion." *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991). In *Hume*, the court ordered

discovery to reveal the identity of the corporate entity that allegedly distributed the copyrighted content above the defendant's objections that such discovery would be "intrusive and burdensome" concerning the defendant's "own corporate structure and inner workings." *Universal Music Grp., Inc.,* No. 3:24-CV-00746, 2024 U.S. Dist. LEXIS 220346, at *6-8. Therefore, because it is reasonable that discovery would reveal contacts with Kentucky customers to support personal jurisdiction, Plaintiff may engage in discovery to resolve the jurisdictional question.

**WHEREFORE**, the motion of Plaintiff Wade Jenkins for limited jurisdictional discovery, DN 26, is **GRANTED**.

H. Brent Brennenstuhl
United States Magistrate Judge

May 1, 2025

Copies:  Counsel